Connolly, J.
On August 11, 2000, this matter was before the court for hearing on the Commonwealth’s motion seeking the temporary detention and civil confinement of William Breland (“Breland”), the defendant, as a sexually dangerous person (SDP), pursuant to G.L.c. 123A, §§1, 12, as amended by St. 1999, c. 74, §§6, 8.
The Commonwealth argues that based on Breland’s past rape conviction and record of assaults and alcohol related crimes, the court should commit Breland to the Massachusetts Treatment Center until a probable cause hearing can take place to determine whether there is probable cause to believe that Breland is a sexually dangerous person as defined by statute. Breland argues that the court should deny the motion because the Commonwealth has not made a sufficient showing that Breland is a sexually dangerous person who should be temporarily detained and has not presented any other legitimate reason to interfere with Breland’s scheduled release.[1] The defendant also argues that the Norfolk District Attorney lacks jurisdiction to petition this court since the underlying criminal sexual offense was committed by the defendant in Plymouth County. For the reasons set forth below, the Commonwealth’s motion for temporary confinement is DENIED.
BACKGROUND
At the August 11th hearing the Commonwealth offered the following evidence:
On August 8, 1992, Breland was arraigned on the charge of rape of a child. The victim in that case was a seven-year-old child for whom the defendant was a babysitter. The police report offered as evidence for this petition indicates that the defendant touched the victim’s vagina over her clothes and also forced the victim to touch his penis over his clothes. The police report also details an incident of digital penetration of the victim. The defendant’s probation record indicates that he was sentenced on May 28, 1993 to eighteen months in the house of corrections by the Plymouth District Court for this criminal act.[2] This conviction constitutes the only sexual offense conviction of the defendant.
The defendant has also been convicted of several other criminal offenses from 1978 through 1992, including assault and battery, homicide by means of a motor vehicle while under the influence of alcohol, and assault and battery with a dangerous weapon. On each of the defendant’s convictions, he served out his sentences. On June 26, 2000 the defendant was sentenced to sixty days at the Billerica House of Corrections for the crime of Operating a Motor Vehicle Under the Influence of Liquor. The defendant’s scheduled release date from that conviction is on August 14, 2000.
In addition to the probation report listing the defendant’s convictions, the only other evidence in the record of any sexually deviant behavior is the police report and a Division of Social Services report (DSS) detailing the 1992 sexual offense. No evidence has been presented that the defendant was ever recommended for participation in sex offender treatment.
DISCUSSION
The district attorney or attorney general may file an emergency petition with the Superior Court temporarily committing an alleged sexually dangerous person pending a probable cause hearing. G.L.c. 123A, §12(b) and (e). The standard which the Commonwealth must meet at this stage is set forth in G.L.c. 123A, § 12(e), as amended by St. 1999, c. 74, §8:
If the person named in the petition is scheduled to be released from jail, house of correction ... , at any time before the probable cause determination, the court, upon a finding of sufficient showing based on the evidence before the court at that time, may temporarily commit such person to the treatment center pending disposition of the petition. The person named in the petition may move the court for relief from such temporary commitment at any time prior to the probable cause determination.
A sexually dangerous person is defined by G.L.c. 123A, §1, as amended by c. 74, §6:
[A]ny person who has been (i) convicted of or adjudicated as a delinquent juvenile or youthful offender by reason of a sexual offense and who suffers from mental abnormality or personality disorder *26 which makes the person likely to engage in sexual offenses if not confined to a secure facility; (ii) charged with a sexual offense and was determined to be incompetent to stand trial and who suffers from a mental abnormality or personality disorder which makes such person likely to engage in sexual offenses if not confined to a secure facility; or (iii) previously adjudicated as such by a court of the commonwealth and whose misconduct in sexual matters indicates a general lack of power to control his sexual impulses, as evidenced by repetitive or compulsive sexual misconduct by either violence against any victim, or aggression against any victim under the age of 16 years, and who, as a result, is likely to attack or otherwise inflict injury on such victims because of his uncontrolled or uncontrollable desires.
In this case, there is no evidence that Breland was ever “charged with a sexual offense and was determined to be incompetent to stand trial.” There is also no evidence that Breland was previously adjudicated' as a SDP. Thus, under the first definition, the Commonwealth must show that Breland was (1) convicted of a sexual offense; (2) that he suffers from a “mental abnormality”[3] or “personality disorder";[4] and (3) as a result of that mental abnormality or personality disorder Breland is likely to engage in sexual offenses if not confined to a secure facility.
The court finds that the Commonwealth has failed to sustain its burden under G.L.c. 123A, § 12(e). Notwithstanding the difficulty of defining “sufficient showing,” the court assumes that it must be less than a showing of probable cause. However, the court need not further detail the threshold level sufficient to demonstrate a substantial showing, because there is no evidence in this case of two of the three elements required under the applicable definition of a sexually dangerous person. Although the defendant has been convicted of a sexual offense, the Commonwealth has presented no evidence from which this court can determine, that the defendant is afflicted with a mental abnormality or personality disorder as defined by statute. The Commonwealth’s reliance on the facts as alleged in the police report and DSS report pertaining to the 1992 conviction does not constitute a sufficient showing under the statute. The Commonwealth presented no expert testimony, no supporting affidavits, or other sufficient evidence that the defendant now suffers from a mental abnormality or personality disorder. The court further declines the Commonwealth’s invitation to draw inferences from the defendant’s previous assault convictions as putting him at risk to engage in sexual offenses. The defendant was convicted of sexual offense for the first and only time in 1992, for which the defendant served eighteen months. The defendant was not charged or convicted with another criminal offense until June 26, 2000, when the defendant was sentenced for operating under the influence of liquor. From 1993 through the present, there is no evidence that the defendant engaged in any criminal offenses of a sexual nature. Thus, the court finds that the Commonwealth has not made a sufficient showing that the defendant should be temporarily detained pending disposition of the petition.
The court notes that by denying the Commonwealth’s motion for temporary detention the Commonwealth’s petition for civil commitment is not dismissed. The Commonwealth can still proceed on the determination as to whether there exists probable cause to believe Breland is a sexually dangerous person. As for the jurisdictional issue raised by the defendant, the Norfolk County District Attorney properly filed its petition for civil commitment in this court as it is the county where the defendant is committed. See G.L.c. 123A, § 12(b).
ORDER
For the reasons stated above, the Commonwealth’s motion for temporary detention of the defendant pending hearing under G.L.c. 123A, §12(e) is DENIED.

The defendant also argues that G.L.c. 123A does not apply to acts committed prior to the enactment of the statute on September 10, 1999. The defendant asserts that the retroactive application of the statute regarding his 1992 conviction of a criminal sexual offense violates the prohibitions against ex post facto laws. The issue of retroactive application of G.L.c. 123A is currently pending before the Supreme Judicial Court. See Commonwealth v. Davila, Supreme Judicial Court, Docket #SJC-08224; 99-J-727 (Mass.App.Ct. Dec. 30, 1999) (Laurence, J.); Civil Action No. 99-5117 (Middlesex Super. Ct. Dec. 3, 1999) (Botsford, J.); Commonwealth v. Bruno, Supreme Judicial Court, Docket #SJC-08214, Civil Action No. 99-1108 (Plymouth Super Ct. Nov. 1, 1999) (Hely, J.); Commonwealth v. Wilson, Supreme Judicial Court, Docket #SJC-08225, 99-J-735 (Mass.App.Ct. Dec. 30, 1999) (Laurence, J.), Civil Action No. 99-4877 (Middlesex Super. Ct. Dec. 16, 1999) (Borenstein, J.). Accordingly, this court does not reach the issue of retroactivity.

Because the defendant was sentenced in the District Court, both parties agree that he could not have been convicted on the charge of rape of a child. The Commonwealth, however, was not aware of the particular charge for which the defendant was convicted. The court, through its own research, discovered that the rape of a child charge was reduced to indecent assault and battery on a child under the age of fourteen.

A “mental abnormality” is defined as “a congenital or . acquired condition of a person that affects the emotioned or volitional capacity of a person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to health and the safety of others.” G.L.c. 123A, §1.

A “personality disorder” is defined as “a congenital or acquired physical or mental condition that results in a general lack of power to control sexual Impulses.” G.L.c. 123A, §1.